Roy THOMAS et al., Plaintiffs-Appellees,

v.

ALLSTATE INSURANCE COMPANY,
Defendant-Appellant.

No. 20739.

United States Court of Appeals,
Sixth Circuit.

June 15, 1971.

J. W. Baker, Knoxville, Tenn., for defendant-appellant; Arthur D. Byrne, Knoxville, Tenn., on brief; Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, Tenn., of counsel.

Warren Butler, Knoxville, Tenn., for plaintiffs-appellees; Teddy L. Willocks, Richard L. Hollow, Knoxville, Tenn., on brief.

Before PHILLIPS, Chief Judge, and MILLER and KENT, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

In the court below a jury verdict was returned in favor of the plaintiff Roy Thomas, the insured under an automobile liability insurance policy, suing for the use and benefit of the other named plaintiffs, against defendant Allstate Insurance Company in the amount of $30,810.16. On the theory that the Insurance Company acted in bad faith in seeking to void its policy the jury awarded an additional sum of $68,465.71 to Thomas (a sum in excess of the policy limits), also for the use and benefit of the other named plaintiffs as tort claimants against Thomas. Accordingly, judgment was entered in favor of all of the plaintiffs pursuant to the jury verdict in the aggregate amount of $99,-275.87. This appeal followed.

The complaint invokes the jurisdiction of the Court upon diversity grounds and seeks to recover the damages previously awarded in various amounts in favor of the use plaintiffs in a prior action against Thomas growing out of an automobile accident, an action which the In-

surance Company had declined to defend in his behalf. Alleging that he was unable to pay the amounts of the awards against him, Thomas instituted the present action directly against the Insurance Company to recover the full amount of the damages for which he had been held liable. The theory of the complaint is that the policy was in full force and effect and that the plaintiff Thomas had the right to recover the face amount of the policy in the amount of $28,000.00 plus interest and attorneys' fees for the use and benefit of the other plaintiffs, and an additional amount against the Insurance Company to satisfy the remaining amount of the judgments rendered against the insured upon the theory that the Insurance Company in seeking to void the policy and in refusing to defend the damage actions acted in bad faith and without reasonable grounds to believe that it was acting within its legal rights.

In its answer to the complaint the Insurance Company alleged that it had acted within its legal rights in denying liability and in refusing to defend the tort action against the insured. Specifically, it alleged that it had issued the policy in reliance on the insured's application of March 18, 1968, which contained a material misrepresentation of fact in that the insured in response to a question had falsely stated that no insurer had cancelled or refused or given notice that it intended to cancel or refuse any similar insurance. This defense was predicated upon Tenn.Code Ann. 56–1103, a statute enacted in 1895, which provides in substance that no misrepresentation shall void a policy of insurance "unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter increases the risk of loss."

By order of April 28, 1970, the district court permitted the plaintiff to amend his complaint to allege as additional grounds for recovery that the defendant's denial of coverage was in violation of Tenn.Code Ann. Secs. 56–1154 to 1156. These sections of the Code became effective on April 3, 1968, whereas the Allstate Insurance policy issued to Thomas became effective on April 20, 1968. Generally, the provisions deal with the cancellation of automobile insurance policies and provide that insurance companies are not permitted to exercise their right to cancel insurance unless the cancellation is based on one or more of a number of specified grounds set forth in the statute. In addition, a detailed procedure is provided for effectuating a cancellation—principally with regard to the giving of notice of cancellation prior to the time such cancellation shall become effective.

In response to the amendment to the complaint, the Insurance Company filed a paper denominated "Motion for Partial Summary Judgment" in which it sought judgment in its favor with respect to the plaintiff's reliance upon Secs. 56–1154 to 1156. By order of May 4, 1970, this motion was denied by the court without prejudice to renew the motion at the close of the proof on the merits. The motion was renewed at the conclusion of the trial, but was again denied by the court.[1]

The trial judge submitted the case to the jury on two issues: first, whether the insured had made a material misrepresentation of fact with actual intent to deceive or with respect to a matter which increased the risk of loss, within the meaning of Sec. 1103; and secondly, whether the Insurance Company's refusal to defend the tort actions against the insured was in bad faith. No complaint is made about the correctness of the court's charge.

---

1. It does not appear on what grounds the district court denied the motion for partial summary judgment. By not charging the cancellation statutes to the jury, however, and in confining the issue to an alleged violation of Sec. 1103, the court did in effect eliminate the cancellation statutes from the case. At the end of the trial, therefore, he probably considered that he had already in effect ruled in favor of the defendant insofar as the cancellation statutes were concerned.

The appeal presents only two issues: first, whether the court erred in not sustaining the defendant's motion for partial summary judgment with respect to the cancellation statutes pleaded in the amendment to the complaint; and secondly, whether there is material evidence to support the finding of the jury that the Insurance Company did not have reasonable grounds to believe that it was acting within its legal rights and hence acted in bad faith in attempting to void the policy.

■ The position of the Insurance Company with respect to the first issue is that the plaintiff called as a witness a State Senator, Clayton Elam, who was permitted to testify in substance that the Legislature intended in passing the cancellation statutes to prohibit insurance companies, after policies issued by them had been in effect for 60 days, from retroactively cancelling or terminating insurance policies from their effective date. The plaintiff argues that if the court had sustained its motion for partial summary judgment at the outset of the trial, this testimony would not have been placed before the jury and the jury would not have been led to believe that Tennessee law prohibits the voiding of insurance policies from inception because of material misrepresentations of fact under Sec. 1103. While the Senator was surprisingly permitted a rather wide latitude in expressing his understanding of the legislative intent in enacting the 1968 legislation placing restrictions upon the cancellation of automobile liability insurance policies, we must reject the contention that this testimony should result in a reversal of the lower court judgment.

We reach this conclusion for three principal reasons. First, although we agree that the Senator's testimony was inadmissible, we observe that while he expressed the view that the statutes in question placed limitations upon the can-

cellation of insurance policies, he conceded that he did not know whether the statutes in any way modified or repealed Sec. 1103 which had been enacted in 1895, prohibiting the voiding of insurance policies except for material misrepresentations made with actual intent to deceive or which increased the risk of loss. Secondly, it appears from the record that the trial judge on his own motion interrupted the Senator in the course of his testimony and instructed the jury that the testimony was not competent, and that the legislative intent could not be derived from the testimony of individual members of a legislative body. This curative instruction, we think, had the effect of removing any misunderstanding or misapprehension which the jury may otherwise have acquired as to the so-called cancellation statutes. Thirdly, the court in its charge submitted the case to the jury only on plaintiff's theory of a Sec. 1103 violation with no reference whatever to Secs. 56–1154 to 56.

Any error in failing to sustain the pre-trial motion or in permitting the Senator to express his views as to legislative intent did not affect the substantial rights of the parties and was, in our view, harmless error. Fed.R.Civ.P. 61; 28 U.S.C. Sec. 2111 (1964). *Cf.* Smith v. Travelers Insurance Co., 438 F.2d 373 (6th Cir. 1971).[2]

■ On the second issue raised by Allstate that there is no material evidence to support the jury's verdict as to bad faith, we have carefully examined the record and we find this contention to be without merit. There was ample evidence from which the jury could have concluded that Allstate would never have initiated a policy investigation to determine the correctness of the insured's answers in the application until it learned that it was confronted with a possible liability in a considerable amount; that Allstate through its agent either negli-

2. In view of the limited issues before us, we are not called upon to express any views as to what effect, if any, the can-

cellation statutes of 1968 (Secs. 56–1154 to 56) had upon the misrepresentation statute of 1895, Sec. 1103.

gently or intentionally placed false information in the application directly contrary to the information supplied by the insured; that the Insurance Company did not concern itself with making inquiry of its agent as to the alleged error in the application until long after the claim had emerged; and numerous other facts indicative of bad faith.

The judgment of the district court is, therefore,

Affirmed.